Rogers, J.
The account of the executor, exhibits a balance in his hands of 1038 dollars 56 cents; and the only question is, as to the distribution of this fund. And this would seem to present a case of but little difficult}', as there can be no doubt, that after debts and the necessary expenses of settling the estate are paid, the surplus must be paid as is directed in the testator’s will. But the appellees, say, and so the Orphans’ Court has decreed, that they are entitled to the balance in the hands of the executor, because,, the testatrix in her life time, received from the treasury of the County of Philadelphia, by the hands of her son and agent George Metts, the sum of 1400 dollars for damages in opening Juliana street, through property occupied by her, That at the time of her death, in September, 1830, this money was still in the hands of her son, George Metts, who was appointed her executor: that the property, for the injury to which these damages were received, belonged equally to the ten children of Adam Metts, and that the money was received in trust for their benefit. Admitting the facts to be as stated, was it competent for the Orphans’ Court to make a decree distributing the assets equally among the children of Adam Metts 1 And we are clearly of the opinion, it was not.
If Barbara Metts received the money as is alleged, not in her own right solely, but as a trustee for her children, it was so much money had and received for their use, and this would make them creditors of their mother, for the amount of their respective shares, for which an action for money had and received would lie. But if, as has been supposed, George Metts was a trustee for them, then the act of Assembly gives them a remedy, by a more summary proceeding in the Court of Common Pleas. But in neither view of the case have the Orphans’ Court authority to disregard the injunctions of the will, and make a decree such as the present.
*10 It must be recollected, that the estate is solvent, and of course, is not embraced by the 14th section of the act of the 19th April, 1794, which relates to cases where there are not assets sufficient to pay bonds, specialties, and other-debts. This section was intended for the security of executors and administrators, but we do not understand that in this case, the executor claims the benefit of this provision, or that auditors were appointed under that section. ■
But this does not leave the appellees without an adequate remedy, as has been before intimated. The executor is responsible for the correct and proper administration of the estate, and if he thinks proper to prefer legacies to debts, it is a devastavit for which he is personally liable. It is all important to the administration of justice, that the jurisdiction of the respective courts should be kept separate and distinct; but it is obvious, that if such a course of proceedure should be permitted, it would interfere with the trial by jury, to the benefits of which .the executor, as well as the creditor is entitled. We wish it to be understood, that we give no opinion on what may be considered the merits of the case, but shall leave these questions to be determined where they properly arise.
Decree of the Orphans’ Court distributing the balance among the ten children of Adam Metts reversed. The balance to be paid by the executor as is directed by. the will, upon the legatees giving security, &c. according to law. The record remanded to the Orphans’ Court, to carry this decree into execution.